**WOLF et al., Appellees,**

v.

**LORDI et al., Appellants.**

[Cite as *Wolf v. Lordi* (1996). 115 Ohio App.3d 492.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 95 C.A. 247.

Decided Nov. 1, 1996.

*Andrew L. Zumbar*, for appellees.

*James A. Philomena*, Mahoning County Prosecuting Attorney, and *Karen Markulin Gaglione*, Assistant Prosecuting Attorney, for appellants Mahoning County Commissioners.

*Wayne W. Sarna*, for appellants Donald Stillion and Beverly Stillion.

GENE DONOFRIO, Judge.

Defendants-appellants, Donald and Beverly Stillion and the Mahoning County Board of Commissioners, appeal from a judgment of the Mahoning County Common Pleas Court which reversed the vacation of a public road by the board, which was requested by the Stillions.

In June, 1994, the Stillions prepared a public-road petition for the vacation of a portion of Chestnut Alley, which is located in Smith Township, Mahoning County, Ohio. The board complied with all statutory requirements relative to the vacation of public roads, and a public hearing was held on November 30, 1994. At the hearing, the board heard testimony from individuals supporting and opposing the vacation and also received exhibits.

At the hearing, it was disclosed that the Stillions owned property on both sides of the alley and that they wanted the alley vacated for the purpose of making their property a full yard without a road running through it. There was conflicting testimony as to how often the alley was used by the local residents. There was also testimony regarding safety concerns in that the alley intersected with Johnson Road, which had a posted speed limit in the area of the intersection of fifty miles per hour.

There was also testimony that the alley had never been maintained by the township, that vacation would not prevent ingress to or egress from any of the adjoining landowners' property, and that no landowner would become landlocked by the vacation.

In addition, the record discloses that the board viewed the alley prior to making its decision with regard to the vacation.

On February 2, 1995, the board adopted Resolution No. 95–068, vacating the alley.

On March 3, 1995, appellees Thomas Wolf, Elaine Wolf, and Anita Biondi filed an administrative appeal pursuant to R.C. Chapter 2506. The Stillions subsequently filed a motion to dismiss the appeal on the ground that R.C. 5563.01 *et seq.*, provides the exclusive method to seek judicial review of an order vacating a road. The board supported the Stillions' motion to dismiss.

On May 9, 1995, the trial court's referee filed a report recommending that the motion to dismiss be denied. The report was subsequently adopted by the trial court.

The matter then went before the trial court on the merits. The court's magistrate issued a decision on August 25, 1995 reversing the board's decision to vacate the alley. The Stillions and the board filed objections to the magistrate's

decision. Nonetheless, the trial court issued a judgment entry on November 2, 1995 adopting the decision of the magistrate.

The Stillions and the board then filed the instant appeal. Both the board and the Stillions, as appellants, have filed briefs in this matter alleging two assignments of error. While their assignments of error are phrased differently, both make essentially the same arguments.

In their first assignments of error, appellants argue that R.C. 5563.02 provides the exclusive method of appealing from a decision of a board of county commissioners vacating a public road. Because appellees in the instant case filed their administrative appeal in the trial court pursuant to R.C. 2506.01 *et seq.*, appellants argue that the appeal was not properly before the trial court.

In addition, appellants argue that even if the appeal is viewed as originating from R.C. 5563.02, the statutory requirements of that section were not complied with. R.C. 5563.02 provides:

"Any person, firm, or corporation interested therein, may appeal from the final order or judgment of the board of county commissioners, made in any road improvement proceeding and entered upon their journal, determining any of the following matters:

"(A) The order establishing the proposed improvement;

" * * *

"Any person, firm, or corporation desiring to appeal from the final order or judgment of the board upon any such questions, shall, *at the final hearing upon matters of compensation or damages, give notice in writing of an intention to appeal,* specifying therein the matters to be appealed from." (Emphasis added.)

Appellants note that the term "improvement" has been found to include road vacation proceedings, citing, *Crawford Cty. Bd. of Commrs. v. Gibson* (1924), 110 Ohio St. 290, 292, 144 N.E. 117, 117. Appellants thus argue that appellees were required to give notice of their intent to appeal the decision of the board. Appellants note that appellees failed to do so, necessitating a dismissal of their appeal.

As set forth above, appellants also submit in their first assignment of error that R.C. Chapter 5563 provides the specific remedy for appeals in county road proceedings and that, because appellees filed their appeal to the trial court pursuant to R.C. Chapter 2506, the trial court lacked jurisdiction. Appellants cite *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.* (1995), 72 Ohio St.3d 464, 650 N.E.2d 1343. In *Lindenschmidt,* the Ohio Supreme Court stated, at 468, 650 N.E.2d at 1346:

"R.C. Chapters 5553 and 5563 contain special statutes specifically addressing the vacation of county roads and the right to appeal decisions of boards of county commissioners concerning proposed vacation. Consequently, R.C. Chapter 5563 prevails and is exclusively applicable to appeals in this area. * * *

"Lindenschmidt concedes in his complaint that he did not follow R.C. 5563.02 in attempting to perfect his appeal, since he did not give written notice of his intention to appeal the board's denial of his petition to vacate a county road. Under R.C. 5563.02, because Lindenschmidt did not comply with the statutory time period within which to perfect his appeal, the board was under no duty to fix bond in the case."

In addition, appellants cite this court's decision in *Sheffler v. Mahoning Cty. Bd. of Commrs.* (Aug. 29, 1995), Mahoning App. No. 95 C.A. 109, unreported, 1995 WL 516916. In *Sheffler*, this court stated that an appeal from a final decision of the county commissioners in a road vacation proceeding is controlled by R.C. 5563.01 *et seq.*

In response, appellees first argue that R.C. 5563.02 does not provide the exclusive remedy for an appeal in road vacation proceedings. Appellees cite *In re Vacation of a Public Road* (1985), 18 Ohio St.3d 397, 18 OBR 449, 482 N.E.2d 570. *In re Vacation* involved the appeal of a county commissioners' decision to vacate a road. The aggrieved parties' appeal was captioned as an R.C. Chapter 2506 appeal to the common pleas court. While *In re Vacation* did not discuss the issue of whether R.C. 5563.02 provides the exclusive remedy in road vacation proceedings, appellees argue that the fact that the appeal in *In re Vacation* was filed pursuant to R.C. Chapter 2506 disposes of the issue.

Secondly, appellees argue that, under the facts of this case, they were not required to give notice in writing of their intent to appeal. Appellees note that the board heard the matter on November 30, 1994 and took the matter under advisement at that time. Appellees further note that the board met in its regular session on February 2, 1995 and, without notice to appellees, made their decision with regard to the vacation. Appellees note that it was not until February 27, 1995 that the resolution of the board was delivered to appellees through their counsel. Appellees argue that since they had no notice of the final hearing on the matter, they were unable to give the notice required by R.C. 5563.02.

The Supreme Court in *Lindenschmidt* clearly held that R.C. Chapter 5563 is exclusively applicable to appeals in road vacation proceedings. Because *Lindenschmidt* was decided after *In re Vacation*, this disposes of appellees' argument that *In re Vacation* provides for two different appeals in this area. This court's decision in *Sheffler* is also dispositive of this issue. Because the

appeal in the instant case was improperly filed under R.C. Chapter 2506, the trial court was without jurisdiction to hear it.

In that we find that the appeal below was improperly filed, we specifically decline to rule on appellees' argument that they could not comply with R.C. 5563.02 since they were not given notice of the final hearing.

The first assignment of error is found to have merit.

In the second assignment of error, appellants argue that the decision of the trial court finding that there was no evidence that the vacation of the road would be for the public convenience is against the manifest weight of the evidence.

■ Appellants argue that *In re Vacation of a Public Road, supra,* held that a determination as to road vacation proceedings lies within the sound discretion of the county commissioners and that, unless the record is devoid of any support for such a determination, it should not be disturbed on appeal. In *In re Vacation,* the record indicated that the road had never been used as a street, that there was no reason to believe that the road would be used at any time in the future and that the vacation of the road would not cause any landowner to be landlocked or to lose the primary means of access to his or her property. The Supreme Court further noted in *In re Vacation* that because the public has a legitimate interest in the utilization of undeveloped property (regardless of whether that utilization is by the public or by private individuals), the record provided ample grounds to support the commissioners' opinion that vacation of the road would serve the public welfare.

Appellants in the instant case note that there was evidence at the hearing that the vacation would not cause any landowners to be landlocked or to lose the primary means of access to their property. Appellants further note that there was evidence that safety concerns were also present since the alley opened onto a road with a posted speed limit of fifty miles per hour. In addition, appellants note that the Stillions testified that they owned property on both sides of the alley and that they wanted their yard to be larger, without a public alley running through it. Finally, appellants note that while the board viewed the alley in question, neither the magistrate nor the trial court did so. Therefore, appellants argue that there was no evidence that the board abused its discretion in granting the vacation and that the trial court erred in reversing the board's decision.

*In re Vacation, supra,* establishes that a determination in road vacation proceedings lies within the sound discretion of the county commissioners and unless the record is completely devoid of any support for such a determination, it should not be disturbed on appeal to the common pleas court.

█ It is clear from the record that no landowners would be denied ingress to or egress from their property or would become landlocked by the vacation of the road in question. Further, the Supreme Court has recognized a legitimate public interest in the utilization of undeveloped property by either the public or by private individuals. Thus, it is clear that the record provides grounds to support the board's opinion that the vacation would serve the public welfare. Therefore, we find that the trial court erred in substituting its judgment for the board.

The second assignment of error is found to be with merit.

The judgment of the trial court is hereby reversed, and the decision of the board reinstated.

*Judgment reversed.*

JOSEPH E. O'NEILL, P.J., and COX, J., concur.