OPINION
{¶ 1} Appellant, Steven Petersen, appeals the April 9, 2003 judgment entry of the Geauga County Court of Common Pleas affirming the decision of the Geauga County Board of Commissioners ("board of commissioners") to vacate a portion of Winchester Drive in Munson Township, Geauga County, Ohio. For the following reasons, we find that the Geauga County Court of Common Pleas was without jurisdiction to hear this matter. Accordingly, we reverse and remand the trial court's decision with instructions to vacate the judgment entry and to dismiss the appeal.
 {¶ 2} Winchester Drive is located in Franklynd Subdivision and runs east-west before terminating in a cul-de-sac at its western end. The right of way of Winchester Drive was originally platted and dedicated in 1957 as extending from Wilson Mills Road to the western line of Franklynd Subdivision, at which point Franklynd Subdivision abutted the property of Herman Schneider. A through road running up to Schneider's property, however, was never constructed. Instead, Winchester Drive terminates in a cul-de-sac at its western end. Appellee, Gerald Santoro, and appellees, Eugene and Joyce Brown, own the property to the north and the south of Winchester Drive at the cul-de-sac.
 {¶ 3} In 1993, the Burlington Development Company and its owners, appellants, Steven and Jerry Petersen, acquired the Schneider property. This property was platted as Schneider Farms Subdivision and was divided between Steven, Jerry, and the Burlington Development Company. Steven eventually received title to a parcel of property abutting the western terminus of Winchester Drive as depicted in the original plat for Franklynd Subdivision. As noted above, this portion of Winchester Drive was dedicated but never improved. The Petersens accessed this parcel from the cul-de-sac terminating Winchester Drive. To access this parcel, the Petersens traversed Santoro's and the Browns' property from the cul-de-sac. In 1999, Steven received a driveway permit for his parcel and, in 2001, caused the installation of a gravel driveway from the cul-de-sac of Winchester Drive to his parcel in Schneider Farms.
 {¶ 4} On January 31, 2002, Santoro and the Browns filed a petition with the board of commissioners to have the unimproved portion of Winchester Drive vacated. On July 10, 2002, the county commissioners approved a formal motion that vacated the unimproved portion of Winchester Drive but that did not extinguish the right of ingress and egress reserved to the parcel owned by Steven. Santoro, the Browns, and the Petersens filed notices of appeal and the cases were consolidated for review in the Geauga County Court of Common Pleas.
 {¶ 5} The Geauga County Court of Common Pleas affirmed the decision of the board of commissioners. In doing so, the court observed: "Appellants Petersen, Santoro, Eugene and Joyce Brown have all appealed the decision of the Board of County Commissioners of Geauga County pursuant to Chapter 2506 of the Revised Code. Several courts, including the Ohio Supreme Court, have determined that an appeal of a board of county commissioners' decision to vacate a road must be brought pursuant to R.C. § 5563.02, not R.C. Chapter 2506. See State ex rel.Lindenschmidt v. Butler Cty. Bd. of Commrs. (1995), 72 OS3d 464;In re Vacating a Chestnut Alley Pub. Rd. (1996),115 Ohio App.3d 492; Rutherford v. Licking Cty. Bd. of Commrs. (Aug.23, 2001), Ohio App. 5 Dist., 2001 Ohio App. Lexis 1954; Goetz v.Bd. of Cty. Commrs. of Butler Cty. (1986), 34 Ohio App.3d 76. * * * If an appeal of a board of county commissioners' decision to vacate a township road must be brought pursuant to R.C. 5563.02, none of the Appellants herein have properly perfected their appeal and their notices of appeal were not filed in a timely manner. If that is so, the within appeals should be dismissed. However, none of the Appellants have questioned this Court's jurisdiction pursuant to R.C. Chapter 2506; consequently, the Court shall decide this case as a Chapter 2506 appeal."
 {¶ 6} A review of the record confirms the trial court's finding that the parties herein appealed the decision of the board of commissioners pursuant to the general procedure for bringing administrative appeals under R.C. Chapter 2506, rather than the special procedures for appealing a county road case set forth in R.C. Chapter 5563. Section 5553.30 of the Revised Code provides for the right of appeal as follows: "Any petitioner may appeal from the order of the board of county commissioners * * * dismissing or refusing to grant the prayer of the petition for an improvement. Any person interested may appeal from an order granting such improvement. Such appeal may be perfected in the manner provided in sections 5563.01 to 5563.17, inclusive, of the Revised Code." Section 5563.02 of the Revised Code sets forth the procedure to be followed: "Any person, firm, or corporation desiring to appeal from the final order or judgment of the board * * * shall, at the final hearing upon matters of compensation or damages, give notice in writing of an intention to appeal,
specifying therein the matters to be appealed from." (Emphasis added).
 {¶ 7} The Ohio Supreme Court has made clear that the procedure set forth in R.C. Chapter 5563 is the only procedure applicable to appeals in road vacation proceedings: "R.C. Chapters 5553 and 5563 contain special statutes specifically addressing the vacation of county roads and the right to appeal decisions of boards of county commissioners concerning proposed vacation. Consequently, R.C. Chapter 5563 * * * is exclusively applicable to appeals in this area." State ex rel. Lindenschmidtv. Bd. of Commrs. of Butler Cty., 72 Ohio St.3d 464, 468,1995-Ohio-49, citing Goetz v. Butler Cty. Bd. of Commrs.
(1986), 34 Ohio App.3d 76, and State ex rel. Green v. Allen Cty.Bd. of Commrs. (Mar. 9, 1992), 3rd Dist. No 1-91-9, 1992 Ohio App. LEXIS 1194. Accordingly, when parties fail to perfect their appeal pursuant to R.C. 5563.02, the trial court is without jurisdiction to consider the matter. Rutherford v. Bd. of Cty.Commrs. (Apr. 23, 2001), 5th Dist. No. 00 CA 00060, 2001 Ohio App. LEXIS 1954, at *17; Daulton v. Bd. of Cty. Commrs. (Sept. 14, 2000), 5th Dist. No. 00CA38, 2000 Ohio App. LEXIS 4166, at *7-*11; Wolf v. Lordi (1996), 115 Ohio App.3d 492, 496-497; Inre Vacation of York Twp. Rd. 125 (Dec. 11, 1995), 7th Dist. No. 94-B-59, 1995 Ohio App. LEXIS 5446, at *5-*6; Sheffler v.Mahoning Cty. Bd. of Commrs. (Aug. 29, 1995), 95 C.A. 109, 1995 Ohio App. LEXIS 3607, at *3-*4.
 {¶ 8} In the present case, there is no evidence that any of the parties filed a written notice of appeal at the final hearing on the petition to vacate held on July 10, 2002. Instead, Santoro and the Browns filed their notice of appeal directly with the court of common pleas on July 31, 2002, and the Petersens filed their notice directly with the court of common pleas on July 30, 2002. The trial court was correct that these notices have not been filed in a timely manner. Nor were the notices filed with the board of commissioners as required by R.C. 5563.02. Since the appeals were not perfected according to the provisions of R.C.5563.02, the trial court lacked subject matter jurisdiction to hear these appeals. Mentor Exempted Village School Dist. Bd. ofEdn. v. Lake Cty. Bd. of Revision (1980), 61 Ohio St.2d 332,334, quoting Am. Restaurant Lunch Co. v. Glander (1946),147 Ohio St. 147, 150 ("The very statute which authorizes the appeal prescribes the conditions and procedure under and by which such appeal may be perfected."). Moreover, R.C. Chapter 5563 expressly provides that where "the court finds that * * * the appeal is not perfected according to law, the court shall dismiss the appeal." R.C. 5563.04.
 {¶ 9} Finally, we point out that a defect in a court's subject matter jurisdiction cannot be waived. In re King
(1980), 62 Ohio St.2d 87, 89 (citation omitted). Where a court lacks jurisdiction of the subject matter, it is powerless to act and its proceedings in the matter are void. Patton v. Diemer
(1988), 35 Ohio St.3d 68, paragraph three of the syllabus; Palv. ABS Industries (1983), 11 Ohio App.3d 156, 157.
 {¶ 10} For the foregoing reasons, we find that the Geauga County Court of Common Pleas lacked jurisdiction to hear either appeal in this matter. Accordingly, we reverse the court's April 9, 2003 judgment entry and remand this matter with instructions for the court to vacate said judgment entry and dismiss the appeals.
Christley and O'Neill, JJ., concur.
Nader, J., retired, of the Eleventh Appellate District, sitting by assignment.