[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Relators, the Board of County Commissioners of Athens County and the Board of Township Trustees of Alexander Township, have filed a petition seeking a writ of prohibition to prevent respondent, Athens County Court of Common Pleas Judge L. Alan Goldsberry, from proceeding in case nos. 04CI282, 04CI324, and 04CI355. They argue that the adjacent landowners who are appealing the commissioners' decision to vacate two township roads in those cases are not entitled to jury trials under R.C.5563.05. Instead, relators contend that respondent is limited to holding a hearing under R.C. 2506.03 and is confined to reviewing the transcript filed by the commissioners.
 {¶ 2} Respondent has filed a motion to dismiss under to Civ.R. 12(B)(6), in which he argues that relators have not stated a claim upon which relief may be granted. He argues that the vacation of a public road is governed by R.C. Chapter 5553, and that those provisions apply to all public roads, including township roads, within a county, except those on the state highway system and those located within a municipality's corporate limits. Moreover, respondent maintains that because R.C. Chapter 5563 provides the exclusive means for appealing a board of county commissioners' decision in a road improvement proceeding, R.C. Chapter 2506 is not applicable.
 {¶ 3} Prohibition is "designed to prevent a tribunal from proceeding in a matter over which it has no authority[.]" State ex rel. Henneke v.Davis (1986), 25 Ohio St.3d 23, 25. In order to be entitled to a writ of prohibition, a party must establish that (1) the court is about to exercise judicial or quasi-judicial power; (2) the exercise of that power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other remedy in the ordinary course of law exists. State exrel. Goldberg v. Mahoning Cty. Probate Court, 93 Ohio St.3d 160, 161-162,2001-Ohio-1297.
 {¶ 4} Prohibition will not lie if the petitioner has an adequate remedy in the ordinary course of law, including legal or equitable relief, unless the lower court patently and unambiguously lacks jurisdiction over the cause. State ex rel. Fraternal Order of Police,Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas,76 Ohio St.3d 287, 1996-Ohio-424. Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal. Whitehall ex rel.Wolfe v. Ohio Civ. Rights Comm., 74 Ohio St.3d 120, 1995-Ohio-302. However, "[i]f a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions."State ex rel. Mayer v. Henson, 97 Ohio St.3d 276, 2002-Ohio-6323, at ¶ 12.
 {¶ 5} Here, there is no question that respondent is about to exercise judicial power. Therefore, we must determine whether the exercise of that power is unauthorized and causes an injury for which relators have no other adequate legal remedy.
 {¶ 6} Relators argue that R.C. 5553.30 and the procedures provided in R.C. Chapter 5563 do not apply because the roads in question are township roads rather than county roads. We disagree.
 {¶ 7} By definition, "[a] township road is * * * a public highway other than a state or county road." 2002 Ohio Atty.Gen.Ops. No. 2002-003. See, also, R.C. 5535.01(A) ("State roads include the roads and highways on the state highway system."); R.C. 5535.01(B) ("County roads include all roads which are or may be established as a part of the county system of roads as provided in sections 5541.01 to 5541.03, inclusive, of the Revised Code, which shall be known as the county highway system."); R.C. 5535.01(C) ("Township roads include all public highways other than state or county roads.").
 {¶ 8} Under R.C. 5553.02, however, the power of a board of county commissioners to vacate a public road is not limited to county roads. Instead, the power "extends to all public roads within a county" except those on the state highway system and those located within a municipality's corporate limits. (Emphasis added.) 1993 Ohio Atty.Gen.Ops. No. 93-047. See, also, Sparrow v. Columbus (1974),40 Ohio App.2d 453. Had the General Assembly intended township roads to be excluded from this provision, it could have done so. It chose not to, and we are not inclined to create additional exclusions where they otherwise do not exist. D.A.B.E., Inc., v. Toledo-Lucas Cty. Bd. ofHealth, 96 Ohio St.3d 250, 2002-Ohio-4172, at ¶ 43.
 {¶ 9} Further supporting our conclusion that township roads are governed by R.C. Chapter 5553 is the fact that a board of township trustees does not have the authority to vacate a township road. It must ask the board of county commissioners to do so under R.C. 5553.04. 1999 Ohio Atty.Gen.Ops. No. 99-005. Accordingly, if a board of county commissioners is the only entity granted the authority to vacate a township road, and the only mechanism for taking such action is found in R.C. Chapter 5553, it logically follows that the appellate procedure for appealing those decisions provided in that chapter would apply to township roads.
 {¶ 10} R.C. 5553.04 provides the general procedure for vacating a public road.[1] Under R.C. 5553.30, a petitioner may appeal an order of the board of county commissioners refusing to grant a petition seeking a road improvement, and any interested person may appeal from an order granting an improvement.[2] In either case, "[s]uch appeal may be perfected in the manner provided in sections 5563.01 to 5563.17, inclusive, of the Revised Code * * *."
 {¶ 11} In fact, "R.C. 5563.02 is the exclusive means for appealing a decision of a board of county commissioners to vacate a road." J.J.Detweiler Enterprises, Inc. v. Washington Cty. Commrs., Washington App. No. 02CA44, 2003-Ohio-4258, ¶ 12 (affirming a decision to vacate a township road). See, also, State ex rel. Lindenschmidt v. Bd. of Commrs.of Butler Cty., 72 Ohio St.3d 464, at 468, 1995-Ohio-49.[3]
 {¶ 12} A person challenging a road improvement decision of a board of county commissioners must give written notice of his intent to appeal. R.C. 5563.02. Once the board receives the notice, it will then set a reasonable bond. Id. Within ten days of when the appellant satisfies the bond, the board must transmit the original papers in the road improvement proceedings and a certified transcript of the record to the court of common pleas. R.C. 5563.03.
 {¶ 13} After docketing the case, the court will hold a hearing to determine any preliminary questions or motions and examine the transmitted record. R.C. 5563.05. If the court finds the appellant properly perfected the appeal and the proceedings are "substantially regular," it will schedule the matter for a jury trial. R.C. 5563.05. The jury will then consider the evidence and determine "whether the improvement petitioned for or granted will be conducive to the public convenience and welfare, if an order establishing the proposed improvement or dismissing or refusing to grant the prayer of the petition is appealed." R.C. 5563.10. Based on the jury's verdict, the court will find for or against the improvement. Id.
 {¶ 14} A motion to dismiss under Civ.R. 12(B)(6) should be granted only "if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in [relators'] favor, it appear[s] beyond doubt that [relators] could prove no set of facts entitling them to the requested extraordinary writ of prohibition." Stateex rel. Conkle v. Sadler, 99 Ohio St.3d 402, 2003-Ohio-4124, at ¶ 8.
 {¶ 15} After construing all material factual allegations and reasonable inferences in relators' favor, we conclude that they could prove no set of facts entitling them to the requested extraordinary relief. The trial court does not patently and unambiguously lack jurisdiction because the General Assembly has expressly granted courts of common pleas the authority to determine appeals arising from a board of county commissioners' decisions in road improvement proceedings. Furthermore, relators have an adequate remedy through appeal following final judgment to raise these claims. Therefore, they are not entitled to the requested extraordinary writ of prohibition.
 {¶ 16} We GRANT respondent's motion to dismiss the petition for a writ of prohibition.
Petition Dismissed. Costs to Relators.
Kline, J., McFarland, J. Concur.
[1] R.C. 5553.04 also applies to other actions a board of county commissioners may take with respect to public roads under R.C. 5553.02
("The board of county commissioners may locate, establish, alter, widen, straighten, vacate, or change the direction of roads as provided in sections 5553.03 to 5553.16 of the Revised Code.").
[2] An "`improvement' means any location, establishment, alteration, widening, straightening, vacation, or change in the direction of a public road, or part thereof, as determined upon by a board of county commissioners or joint board of county commissioners by resolution." R.C. 5553.01.
[3] There is one exception. R.C. 5553.041 sets forth a specific procedure separate from R.C. Chapter 5563 for challenging a decision of a board of county commissioners when the director of transportation has petitioned to vacate a public road when constructing or improving a state highway.