DECISION AND JUDGMENT ENTRY
{¶ 1} The Board of Athens County Commissioners ("Board") appeals from a judgment in favor of Richard L. Jeffers in its road vacation action. On appeal, the Board contends that the trial court inappropriately dismissed and remanded its road vacation action for a compensation and damages hearing because it has discretion on whether to hold such a hearing. We disagree, holding that the Board must conduct a compensation and damages hearing when the owner's property abuts the potential vacated road and the parties cannot agree on compensation. Accordingly, we affirm the judgment of the trial court.
 I. {para; 2} In 2004, the Board voted to vacate Red Lane and Jeffers Road. These two public roads abut real estate owned by Jeffers. The Board did not hold a hearing to *Page 2 
consider compensation and damages. Jeffers appealed the Board's decision to vacate the two roads to the Athens County Common Pleas Court. The court found the actions of the Board void ab initio regarding Red Lane because of the failure to provide statutory notice to the adjacent landowners.
 {¶ 3} Thereafter, the Board again voted to vacate Red Lane. Jeffers again appealed the two road closings to the trial court and requested a jury trial on the issue of whether the closure of the two roads was conducive to the public convenience and welfare. The Board, along with the Board of Trustees of Alexander Township, filed a mandamus action in this court to prevent the trial judge from impaneling a jury. We denied the writ. See Bd. of Cty. Commrs. of Athens Cty. v. Goldsberry, Athens App. No. 05CA18, 2005-Ohio-4705. In that case, we held that "[i]f the court finds the appellant properly perfected the appeal and the proceedings are `substantially regular,' it will schedule the matter for a jury trial." Id., citing R.C. 5563.05.
 {¶ 4} The trial court proceeded to revisit the "substantially regular" issue. It found that the Board's proceedings were "irregular" because the Board did not hold a compensation and damages hearing. The court then dismissed the appeal without prejudice and remanded the cause to the Board for further proceedings consistent with its judgment.
 {¶ 5} The Board appeals the trial court's decision and asserts one assignment of error: "The Trial Court erred when it dismissed the consolidated road appeals, found irregularity and ordered the Board of Commissioners to hold hearings on compensation and damages." *Page 3 
 II. {¶ 6} The Board argues that it followed R.C. 5553.01 et seq. in the road vacation proceedings and that those sections of the revised code do not require it to hold hearings on compensation and damages. The Board claims that R.C. 5553.09 gives the Board discretion to award compensation and damages. It cites Rutherford v. Bd. of CountyCom'rs (April 23, 2001), Licking App. No. 00CA60, citing Sheffler v.Mahoning County Bd. of County Com'rs (Aug. 29, 1995), Mahoning App. No. 95CA109, in support. Therefore, the Board claims that the trial court erred when it found that its proceedings were irregular. We disagree and hold that R.C. 5553.09 does not apply to the issue before us.
 {¶ 7} "In Ohio, a property owner, having other means of access to his property, may not enjoin the vacation of a public way, or receive damages for its closing, unless his property abuts the vacated street."Eastland Woods v. City of Tallmadge (1983), 2 Ohio St.3d 185, 186. "The decisions in this state have clearly established that an abutting lot owner has such an interest in the portion of the street on which he abuts, that the closing of it * * * is a taking of private property for a public use, and cannot be done without compensation." Id. quotingKinnear Mfg. Co. v. Beatty (1901), 65 Ohio St. 264, 282-83.
 {¶ 8} Here, Jeffers apparently had other means of access to his property. However, his property abuts the closing roads. Therefore, pursuant to Eastland Woods, he is entitled to compensation and damages. R.C. 5553.09 does not change the Board's obligation to provide compensation when taking private property. *Page 4 
 {¶ 9} R.C. 5553.02 provides in part, "The board of county commissioners may * * * vacate * * * roads as provided in sections5553.03 to 5553.16 of the Revised Code." R.C. § 5553.10, ¶ 3, provides, "No road shall be opened or property taken until all compensation and damages allowed are paid, or the amount thereof, as allowed in accordance with sections 163.01 to 163.22, inclusive, of the Revised Code." R.C. 163.04 provides in part, "Appropriations shall be made only after the agency is unable to agree, for any reason, with the owner * * *."
 {¶ 10} Here, the agency is the Board, and Eastland Woods establishes that a taking is occurring. If the Board and Jeffers agree on the proper amount of compensation, then the road is legally vacated once the agreed amount is paid. But, if the Board and Jeffers do not agree, then the road is not legally vacated until the amount of compensation and damages is paid as determined in accordance with Revised Code Chapter 163. Therefore, assuming that negotiations have failed, the only way for the Board and Jeffers to know if they agree or disagree is for the Board to hold a hearing on the issue and determine the amount. Consequently, the trial court did not err when it found irregularity in the Board's proceedings and remanded the issue of compensation and damages to the Board for hearing.
 {¶ 11} The Board, citing Rutherford and Sheffler, maintains that R.C.5553.09 gives it discretion on awarding compensation and damages.
 {¶ 12} R.C. 5553.09 provides: "If the board of county commissioners is of the opinion that the proposed improvement is of sufficient importance to the public to cause the compensation and damages on account thereof to be paid to the persons entitled *Page 5 
thereto out of the county treasury, it may so order. If the board is of the opinion that such improvement is not of sufficient importance to cause the compensation and damages to be paid from the treasury, it may determine to proceed with the improvement only upon the condition that the compensation and damages, or such part thereof as it deems reasonable and just, be paid by the landowners of lands within the vicinity who will be benefited by the improvement, and the balance shall be paid out of the treasury. In such event the board shall include in its order a schedule setting forth the names of such landowners, a pertinent description of such lands, and a statement of the amount of compensation and damages to be paid by the owner of each parcel of such lands. When a portion of the compensation and damages is ordered to be paid by the landowners who will be benefited by the improvement, the board may abandon the improvement on the failure of such benefited landowners to pay the compensation and damages adjudged against them by the time fixed therefor."
 {¶ 13} We agree with the Board that Rutherford and Sheffler interpret R.C. 5553.09 as giving the Board discretion on awarding compensation and damages. However, we disagree with our colleagues in the Fifth and Seventh districts. Like the trial court, we believe that theRutherford and Sheffler courts simply misread the statute. A close reading of the statute shows that it deals with who is to pay the compensation and damages, instead of whether a board of county commissions has discretion to award compensation and damages. When a taking has occurred, the Board has to pay appropriate compensation and damages. *Page 6 
 {¶ 14} In addition, we find that the stipulation the parties entered into, i.e., the proceedings before the Board were regular, was not binding on the trial court. The court had the duty to reach its own legal conclusion as to whether the Board's proceedings were regular or irregular.
 {¶ 15} "Although litigants may stipulate to facts, they may not stipulate as to what the law requires." Wilson v. Harvey,164 Ohio App.3d 278, 2005-Ohio-5722, ¶ 15, quoting Crow v. Nationwide Mut. Ins.Co., 159 Ohio App.3d 417, 2004-Ohio-7117. See, also, Diversified CappingEquip., Inc. v. Clinton Pattern Works Inc. (Apr. 12, 2002), Wood App. No. WD-01-035, 2002-Ohio-2295. "Therefore, stipulations of law or as to legal conclusions are not binding on the court." Id. The trial court has the duty to independently examine the pertinent facts and legal theories and reach its own conclusion. Id. See, also, Burdge v. Franklin Cty. Bd.of Commrs. (1982), 7 Ohio App.3d 356, 357-358.
 {¶ 16} Accordingly, we overrule the Board's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED, and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions. McFarland, P.J.: Concurs in Judgment Only. Harsha, J.: Concurs in Judgment and Opinion.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk. *Page 1