DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-Appellant, Ramona Southworth, appeals the decision of the Pike County Court of Common Pleas granting Appellees' motion to dismiss. The motion, filed by Appellees, Pike County Board of Commissioners and Marion Township Trustees, pertains to Appellant's appeal of the Board of Commissioners' order vacating a section of road abutting her property. Because the Commissioners' order was not a final *Page 2 
appealable order, we dismiss the appeal and remand the matter for further proceedings consistent with this opinion.
 I. Facts {¶ 2} Whether a portion of a township road, known as Travis Road, abutted Appellant's property was a previous point of contention between Appellant and the Marion Township Trustees. Appellant filed an action seeking a declaratory judgment on the matter. The trial court ruled in Appellant's favor, agreeing that Travis Road did, in fact, abut her property and stating that the Marion Township Trustees had a statutory duty to maintain the road.
 {¶ 3} Subsequent to the trial court's decision, the Trustees passed a resolution vacating part of Travis Road, including the section abutting Appellant's property. The Pike County Board of Commissioners held a hearing pursuant to R.C. 5553.045(C) concerning the resolution of the Trustees. Appellant appeared at the hearing and raised a number of objections including that, if the vacation of the road was approved, the Commissioners needed to make a determination regarding her resulting damages. After the hearing, the Commissioners ordered that Travis Road be vacated as petitioned by the Trustees. At no point did the Commissioners *Page 3 
hold a hearing on, or make a determination regarding, the damages suffered by Appellant.
 {¶ 4} Appellant filed an appeal of the Commissioners' order, pursuant to R.C. Chapter 2506, with the Pike County Court of Common Pleas. In response, Appellees filed a Civ. R. 12(B)(6) motion to dismiss, arguing that the trial court had no jurisdiction to hear the appeal because the proper and exclusive method for appealing the vacation of roads was found in R.C. Chapter 5563. The trial court granted the Commissioners' motion and dismissed the appeal. The current appeal challenges the trial court's decision.
 II. Assignment of Error
THE TRIAL COURT COMMITTED ERROR IN GRANTING THE APPELLEES' MOTION TO DISMISS APPELLANT'S CHAPTER 2506 APPEAL PURSUANT TO CIVIL RULE 12(B)(6).
 III. Legal Analysis {¶ 5} In her sole assignment of error, Appellant argues that the trial court erred in granting Appellees' motion to dismiss. The trial court based it's dismissal on a perceived lack of jurisdiction to entertain the appeal. As previously stated, Appellant appealed the Commissioner's decision to vacate Travis Road under R.C. Chapter 2506. The trial court held that because R.C. Chapter 5563, not R.C. 2506, contains the proper procedure to appeal an order vacating a road, Appellant did not properly perfect her appeal. *Page 4 
 {¶ 6} The trial court correctly notes that the Supreme Court of Ohio has held that R.C. 5563 is the exclusive means for appealing a board of county commissioners' order to vacate a road. State ex rel.Lindenschmidt v. Board of Commissioners, 72 Ohio St.3d 464,1995-Ohio-49, 650 N.E.2d 1343, at 468. This court and other Ohio appellate courts have followed that decision. See, e.g., J.J. DetweilerEnterprises, Inc. v. Washington County Commissioners, 4th Dist. No. 02CA44, 2003-Ohio-4258, at ¶ 12; Trowbridge v. Board of Commissionersfor Scioto County, Ohio (June 24, 1998), 4th Dist. No. 97CA2527; In reAppeal of Petersen, 11th Dist. No. 2003-G-2508, 2004-Ohio-2308, at ¶ 7.
 {¶ 7} Further, the trial court correctly noted that, in instances where parties fail to perfect their appeals pursuant to R.C. 5563, trial courts lack jurisdiction to hear the appeal. Petersen at ¶ 7;Rutherford v. Board of County Commissioners (Apr. 23, 2001), 5th Dist. No. 00 CA 00060, at *17; Daulton v. Board of County Commissioners,Licking County (Sept. 14, 2000), 5th Dist. No. 00CA38, at *4; Wolf v.Lordi (1996), 115 Ohio App.3d 492, 496-497, 685 NE.2d 818. However, before the question of the trial court's jurisdiction may be addressed, we must first look to the proceedings of the Commissioners in vacating the road. *Page 5 
 {¶ 8} Pursuant to R.C. 5553.02, "[t]he board of county commissioners may * * * vacate * * * roads as provided in sections 5553.03 to 5553.16
of the Revised Code." Pursuant to R.C. 5553.10, "[n]o road shall be opened or property taken until all compensation and damages allowed are paid, or the amount thereof, as allowed in accordance with sections 163.01 to 163.22, inclusive, of the Revised Code." We have previously held that when the parties can not agree on compensation, a county board of commissioners must conduct a compensation and damages hearing when the owner's property abuts the road. Jeffers v. Board of Athens CountyCommissioners, 4th Dist. No. 06CA39, 2007-Ohio-2458, at ¶ 1. As such, the Board of Commissioners cannot ignore the necessity to determine damages when there has been a taking. Rather, we have held that, "[w]hen a taking has occurred, the Board has to pay appropriate compensation and damages." Id. at ¶ 13.[1]
 {¶ 9} In the case sub judice, the Board of Commissioners made no determination, nor held a hearing, on the issue of compensation. Further, there is no question that a taking has occurred; in an April 21, 2004 judgment entry, the Pike County Court of Common Pleas determined that *Page 6 
Travis Road abuts Appellants' property. "The decisions in this state have clearly established that an abutting lot owner has such an interest in the portion of the street on which he abuts, that the closing of it * * * is a taking of private property for a public use, and cannot be done without compensation." Eastland Woods v. City of Tallmadge (1983),2 Ohio St.3d 185, 186, 443 N.E.2d 972, 2 O.B.R. 726, quoting KinnearManufacturing Co. v. Beatty (1901), 65 Ohio St. 264, 282-83,62 N.E. 341. As we stated in Jeffers, whenever there is a taking the Board must pay appropriate compensation and damages. Jeffers at ¶ 13. Here, the Pike County Board of Commissioners did not do so, which leads to our next consideration.
 {¶ 10} Before an appellate court may consider the merits of an appeal, it must first determine whether the decision in question constitutes a final appealable order. Under Ohio law, if an order is not final and appealable, appellate courts have no jurisdiction to review it.General Accident Insurance. Co. v. Insurance Co. of North America
(1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. Even if the parties do not address the lack of a final appealable order, the reviewing court must raise the issue sua sponte. Englefield v. Corcoran, 4th Dist. No. 06CA2906, 2007-Ohio-1807, at ¶ 24; Whitaker-Merrell Co. v. GeupelConstruction Co. (1972), 29 Ohio St.2d 184, 186, 58 O.O.2d 399,280 N.E.2d 922. *Page 7 
 {¶ 11} Under R.C. 2505.02, an order is final when it is: an order that affects a substantial right in an action that in effect determines the action and prevents a judgment; an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment; an order that vacates or sets aside a judgment or grants a new trial, or; an order that grants or denies a provisional remedy. R.C. 2505.02(B)(1)-(4). "A final order determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings." Savage v. Cody-Ziegler,Inc., 4th Dist. No. 06CA5, 2006-Ohio-2760, at ¶ 8, citing Catlin v.United States (1945), 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 andCoey v. U.S. Health Corp. (Mar. 18, 1997), Scioto App. No. 96CA2439.
 {¶ 12} In the case sub judice, the order of the Pike County Board of Commissioners, purportedly vacating a portion of Travis Road, does not constitute a final appealable order. The Commissioners' failed to comply with statutorily mandated procedure by not holding a hearing on the issue of damages or paying Appellant appropriate compensation. Until the Commissioners do so, the road in question is not legally vacated in *Page 8 
accordance with the Revised Code. Because the issue of compensation must still be determined, the order vacating the road is not final.
 IV. Conclusion {¶ 13} As such, the Pike County Board of Commissioners must make a determination regarding Appellant's compensation before legally vacating the section of Travis Road abutting her property. Until it has done so, there is no final appealable order that we or the trial court may consider on appeal.
 APPEAL DISMISSED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.
[1] The Fifth and Seventh Districts have taken a different view, that R.C. 5553.09 gives commissioners discretion in deciding to award compensation and damages. See Rutherford v. Board of CountyCommissioners (April 23, 2001), 5th Dist. No. 00 CA 00060; Sheffler v.Mahoning County Board of County Commissioners (Aug. 29, 1995), 7th Dist. No. 95 CA. 109. *Page 1