[Cite as *Bramel v. Columbiana Cty. Commrs.*, 2015-Ohio-5289.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CHARLES AND LAURA BRAMEL, | ) | |
| | ) | |
| APPELLANTS, | ) | |
| | ) | CASE NO. 15 CO 9 |
| V. | ) | |
| | ) | OPINION |
| COLUMBIANA COUNTY | ) | |
| COMMISSIONERS, | ) | |
| | ) | |
| APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common Pleas of Columbiana County, Ohio Case No. 2015 CV 101

JUDGMENT:                                    Affirmed

APPEARANCES:
For Appellee                                   Krista R. Peddicord
                                                      Assistant Prosecuting Attorney
                                                      105 South Market St.
                                                      Lisbon, Ohio 44432

For Appellants                                Attorney Christopher A. Maruca
                                                      Attorney Anthony P. Celo
                                                      201 East Commerce St., Suite 316
                                                      Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: December 4, 2015

DONOFRIO, P.J.

**{¶1}** Appellants Charles and Laura Bramel (the Bramels) appeal a decision of the Columbiana County Common Pleas Court dismissing an appeal of the vacation of an unopened portion of a road.

**{¶2}** On June 25, 2014, the Columbiana County Board of Commissioners (the board) vacated an unopened portion of Moore Road located in St. Clair Township, Columbiana County, Ohio. That same day, the Bramels, proceeding on their own behalf, appealed that decision to the Columbiana County Common Pleas Court in case no. 2014 CV 325. Their notice of appeal specifically noted that they were appealing the decision pursuant to R.C. 2506.01 (Appeal from decisions of any agency of any political subdivision).

**{¶3}** The board filed a motion to dismiss the appeal based on lack of subject matter jurisdiction because the Bramels had filed the appeal pursuant to R.C. 2506.01. The board contended that the correct provision for appealing its decision to vacate a road is R.C. 5563.02. In response, the Bramels argued that the reference to R.C. 2506.01 in their notice of appeal rather than to R.C. 5563.02 was merely a clerical error which could be "waived or removed" by the court. The board filed a response. On August 28, 2004, the common pleas court dismissed the appeal for lack of subject matter jurisdiction. The Bramels did not file a Civ.R. 60(B) motion for relief from judgment. Rather, the Bramels appealed that decision to this court in case no. 14 CO 41 but later voluntarily dismissed the appeal.

**{¶4}** Almost eight months after filing their first notice of appeal of the board's decision, the Bramels filed another notice of appeal from the board's decision to vacate the road on February 24, 2015. They filed the appeal again in Columbiana County Common Pleas Court, but this time under case no. 2015 CV 101. On March 4, 2015, the court again dismissed the appeal. The common pleas court noted that the appeal was untimely, involved issues already decided by it in the earlier appeal in case no. 2014 CV 325, and that it lacked subject matter jurisdiction. The Bramels appealed that decision to this court.

**{¶5}** The Bramels' sole assignment of error states:

The trial court abused its discretion and erred by Sua Sponte

Dismissing the case on the grounds of Collateral Estoppel when no previous ruling on the merits had ever been issued.

**{¶6}** When the common pleas court dismissed the second appeal from the board's decision, it stated that when a jurisdictional defect cannot be cured, issue preclusion or collateral estoppel bars any subsequent action involving the same matter and the same parties, citing this court's decision in *Diagnostic & Behavioral Health Clinic, Inc. v. Jefferson Cty. Mental Health, Alcohol & Drug Addiction Bd.*, 7th Dist. No. 01 JE 5, 2002-Ohio-1567. In *Diagnostic*, this court noted the general rule that a dismissal based on subject matter jurisdiction does not bar a subsequent action, but that an exception to that rule exists when the jurisdictional defect cannot be cured. *Id.* at ¶ 11. This court reasoned, "If *res judicata* could never bar a plaintiff from refiling based upon the lack of subject matter jurisdiction, a party could forum shop until they found a court to accept their case." *Id.* at ¶ 18.

**{¶7}** The Bramels argue that issue preclusion or collateral estoppel could not bar their second appeal here because they cured the jurisdictional defect by referencing the correct statute, R.C. 5563.02, for an appeal of a decision of a board of county commissioners to vacate a road. However, regardless of the Bramels's attempt to cure the jurisdiction defect of their first appeal, the appeal is untimely and does not comply with statutory requirements.

**{¶8}** R.C. 5563.02 is the exclusive means for appealing a decision of a board of county commissioners to vacate a road. *Wolf v. Lordi*, 115 Ohio App.3d 492, 496, 685 N.E.2d 818, (7th Dist.1996); *Sheffler v. Mahoning Cty. Bd. of Commrs.*, 7th Dist. No. 95 C.A. 109, 1995 WL 516916 (Aug. 29, 1995). *See also State ex rel. Lindenschmidt v. Bd. of Commrs. of Butler Cty.,* 72 Ohio St.3d 464, 468, 650 N.E.2d 1343 (1995). R.C. 5563.02 requires, "Any person * * * desiring to appeal from the final order or judgment of the board upon any such questions, shall, at the final hearing * * * give notice in writing of an intention to appeal, specifying therein the matters to be appealed from."

**{¶9}** Notably, R.C. 5563.02 does not contemplate the filing of the notice of appeal in the common pleas court, only with the board at the final hearing. Once the

board receives the notice of an intent to appeal at the final hearing, it is then incumbent upon the board to transmit the transcript of proceedings to the common pleas court within ten days for it to determine the appeal. R.C. 5563.03.

{¶10} In this instance, the record does reflect that the board received the Bramels's notice of appeal on June 25, 2014, the same day as the final hearing. And the notice was incorporated into the miscellaneous papers section of the transcript of proceedings assembled together concerning the petition to vacate. However, as with the first notice of appeal they filed in the common pleas court, it referenced the wrong section of the Ohio Revised Code for initiating an appeal of a board of county commissioners' decision to vacate a road. Thus, the Bramels never properly initiated the proper procedure for appealing the board's decision.

{¶11} In sum, as the common pleas court was yet without jurisdiction to hear the appeal, the act of the Bramels also filing an incorrect notice of appeal with it was superfluous. Nothing the Bramels did to try and cure the jurisdictional defect of their notice of appeal filed with the common pleas court could vest it with jurisdiction. In other words, even the Bramels's second notice of appeal filed with the common pleas court referencing the correct statute did nothing to vest that court with subject matter jurisdiction over an appeal of the road vacation. To acquire jurisdiction over an appeal of the road vacation, the common pleas court would have had to have received the transcript of proceedings within ten days of the board having received a proper notice of appeal. The board never received proper notice and, consequently, never forwarded the transcript of proceedings to the common pleas court.

{¶12} Accordingly, the Bramels's sole assignment of error is without merit.

{¶13} The judgment of the trial court is hereby affirmed.

Waite, J., concurs.

Robb, J., concurs.