IN THE MATTER OF THE VACATION OF A PUBLIC ROAD; ESTATE OF RUFF BY BOULGER, EXECUTOR, APPELLANT AND CROSS-APPELLEE, *v.* NICHOLS, APPELLEE AND CROSS-APPELLANT.

[Cite as In re Vacation of a Public Road (1985), 18 Ohio St. 3d 397.]

(No. 84-1347—Decided August 7, 1985.)

398

*William C. Boulger,* for appellant and cross-appellee.
*James R. Kingsley,* for appellee and cross-appellant.

*Per Curiam.* The parties to this appeal, Lucille Nichols and William C. Boulger, raise numerous propositions of law. In the interests of clarity and judicial economy, these propositions are reduced to one relevant and dispositive issue: whether the Ross County Board of Commissioners properly vacated the easterly reserved tract in the Brown Subdivision of Scioto Township. This issue can be resolved only upon review of the requirements of R.C. 5553.042, which govern the vacation of "abandoned" township roads.

Pursuant to R.C. 5553.042, vacation of such a road is permitted *"after formal proceedings for vacation as provided in sections 5553.04 to 5553.11 of the Revised Code have been taken*; and upon petition for vacation of such road * * * filed with the board of county commissioners by any abutting landowner, if the board finds that said public road * * * has been abandoned and not used for a period of twenty-one years as alleged in such petition, the board of county commissioners may, by resolution, order the road * * * vacated and such road * * * shall pass, in fee, to the abutting landowners thereof, as provided by law * * *." (Emphasis added.)

The court of appeals determined, and we agree, that the Ross County Commissioners complied with the *procedural* requirements of R.C. 5553.042 in passing the resolution vacating the easterly reserved tract of the Brown Subdivision. Upon review of the parties' arguments herein, however, it is clear that several questions regarding the *substance* of the resolution of vacation must be addressed.

The first of these questions is whether the board of commissioners properly determined that the vacation was, in their *"opinion,"* "for the public convenience or welfare." This determination, which is required to be made pursuant to R.C. 5553.04, lies within the sound discretion of the county commissioners[2]; and, unless the record is devoid of any support for such a determination, it should not be disturbed on appeal. The record in the instant case reveals that (1) the easterly reserved tract has never been used for a street, (2) there is no reason to believe that the tract will be used as a street at any time in the near future, and (3) vacation of the tract will not cause any landowner to be landlocked or to lose the primary means of access to his property. Because the public has a legitimate interest in the utilization of undeveloped property — regardless of whether that utilization is by the public or by private individuals — the record provides ample grounds to support the commissioners' opinion that vacation of the easterly reserved tract would serve the public welfare.

The second question raised pertaining to the substance of the resolution of vacation is whether the commissioners properly provided for the

---

[2] R.C. 5553.04 requires only that the board of county commissioners be "of the opinion that [a vacation] * * * will be for the public convenience or welfare * * *." This clearly is a very broad requirement that gives great discretion to the county commissioners to "opine" whether a vacation will serve the "public convenience or welfare."

passage of the easterly reserved tract to the abutting landowners thereof. The commissioners, without making a determination as to who (other than Lucille Nichols) were abutting landowners, simply utilized the language of R.C. 5553.042 and resolved that the vacated tract "shall pass, in fee, to the abutting landowners thereof, as provided by law." On appeal, the common pleas court effectively found the resolution to be deficient in failing to name the abutting landowners, and it proceeded to find that Hazel Ruff and Harold Steinbrook (the owner of Lot 17 of the Brown Subdivision)[3] also were abutting landowners to the easterly reserved tract. The court of appeals failed to directly address this issue and, therefore, it deserves our attention.

Although R.C. 5553.042 does not expressly direct that the commissioners make a determination as to the identity of abutting landowners, such a determination realistically must be made prior to the enactment of any resolution that serves to pass a piece of property to "the abutting landowners thereof." On appeal, therefore, the common pleas court acted properly in making a determination as to who were abutting landowners.[4] We find, however, that the determination, itself, was in error.

In *Eastland Woods* v. *Tallmadge* (1983), 2 Ohio St. 3d 185, we addressed the meaning of the phrase "abutting landowner," and adopted a definition utilized by the Nebraska Supreme Court in *Lincoln* v. *Cather & Sons Constr., Inc.* (1980), 206 Neb. 10, 16, 290 N.W. 2d 798, 802, which states "that before properties may abut each other there must be some common boundary line." This definition is in accord with that set forth under the word "abut" in Black's Law Dictionary (5 Ed. 1979), which provides, in part: "The term 'abutting' implies a closer proximity than the term 'adjacent.' *No intervening land.*" (Emphasis added.)

Based upon the foregoing definitions, the common pleas court erred when it determined in 1982 that Hazel Ruff's property abutted the easterly reserved tract. Ruff's property, a twenty-three acre parcel which is apparently now part of her estate, lies to the south of the Brown Subdivision and is separated from the subdivision by the alley that runs along the subdivision's southerly edge. In 1951 the Ross County Common Pleas Court held that this alley was dedicated for public use. The original subdivision map shows that the alley is separated by a dotted boundary line from the easterly reserved tract and by a solid boundary line from the property that is presently a part of Ruff's estate. As such, it is clear that the alley in-

---

[3] The record is unclear as to whether Harold Steinbrook's wife is a co-owner of Lot 17. References to Harold Steinbrook as the owner of Lot 17, therefore, should not be construed to mean that he is the *sole* owner of said lot; and, such references are made only for the purpose of designating that Harold Steinbrook is the apparent owner of the lot.

[4] In an appeal pursuant to R.C. Chapter 2506, the common pleas court may "affirm, reverse, vacate, or modify the order, adjudication or decision [appealed from] * * *." R.C. 2506.04.

tervenes between the northern boundary line of the Ruff estate's twenty-three acre parcel, and such parcel does *not* abut the easterly reserved tract vacated by the Ross County Commissioners.[5]

As a non-abutting landowner, Hazel Ruff was not entitled to a portion of the easterly reserved tract upon its vacation and division pursuant to R.C. 5553.042; nor was she entitled to damages as a result of such vacation. See *Eastland Woods* v. *Tallmadge, supra; Kinnear Mfg. Co.* v. *Beatty* (1901), 65 Ohio St. 264, 282-283. The common pleas court also held in 1982, however, that the 1948 quiet-title action resulted in the creation of an easement in Ruff and the landowners whose properties abut the easterly reserved tract. This ruling, which indicated that the county commissioners would not be able to proceed with vacation of the tract until Ruff was fairly compensated for the loss of her easement, leads us to the third, and final, question pertaining to the resolution of vacation — whether the commissioners' resolution resulted in the taking of property.

The court of appeals below neither reversed nor affirmed the common pleas court's finding of an easement (*i.e.,* it simply upheld the lower court's right to make such a finding). Although R.C. 5553.042 does not expressly require a board of commissioners to address private easements that will be affected by the vacation of a public road, we agree that common sense and R.C. 5553.09 (governing payment of compensation upon improvements and vacations) dictate that easements which are readily apparent must be dealt with in conjunction with the passage of a resolution of vacation. The easement in the instant case, however, was not readily apparent prior to vacation of the easterly reserved tract, but was "created" by the common pleas court on appeal from the commissioners' second resolution. The common pleas court determined that the injunction issued in the quiet-title action in 1951, which enjoined the parties "from interfering in any way with their respective rights in and use of said streets and said alley," created an easement over the easterly reserved tract in Ruff, Nichols, and Harold Steinbrook (owner of Lot 17 of the Brown Subdivision). This determination is in error.

The quiet-title action resulted in the determination that the easterly reserved tract in the Brown Subdivision was dedicated for the use of the public and *was a public street.* Thus, the injunction issued by the common pleas court as a result of the quiet-title action simply guaranteed that the parties, *as members of the public,* would have unrestricted access to the tract that was reserved for a street. No easements were "created" by this injunction, and Hazel Ruff received no property rights in the easterly reserved tract as a result thereof.[6]

---

[5] See Appendix.

[6] No other claims pertaining to easements are before us in this appeal, and we express no opinion as to whether an easement exists pursuant to some set of facts not presented in the record. We note, however, that the court of appeals' reference in its opinion to the existence

In conclusion, we hold that the Ross County Board of Commissioners' second resolution of vacation in 1981 was properly adopted and is valid in all respects, except in its failure to fully specify how and to whom the easterly reserved tract of the Brown Subdivision would be passed. The judgment of the court of appeals reinstating this resolution is affirmed. We remand the cause, however, to the Court of Common Pleas of Ross County with the instruction that the court divide and pass the tract to Lucille Nichols and Harold Steinbrook,[7] who are the abutting landowners thereof.

*Judgment accordingly.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and CONNORS, JJ., concur.

CONNORS, J., of the Sixth Appellate District, sitting for WRIGHT, J.

---

of an appurtenant easement in Hazel Ruff through her "predecessor in interest," George Brown, is unsupported by the decision of the Court of Common Pleas of Ross County in the 1948 quiet-title action. This decision of the common pleas court did *not* find an "underlying fee," either in George Brown or in his successors in interest, in the easterly reserved tract of the Brown Subdivision, and we therefore dismiss the appellate court's "finding" of an appurtenant easement over the easterly reserved tract as *dictum* that is without legal effect.

[7] The common pleas court should make this division with reference to fn. 3, above.