DECISION AND JUDGMENT ENTRY
This is an appeal from a Ross County Common Pleas Court judgment that reversed a decision of the Ross County Commissioners (Commissioners), appellees below and appellants herein. The Commissioners denied a petition to vacate a road (Treat Drive), filed by R. Michael and Sandra Hall, appellants below and appellees herein.
Appellants raise the following assignment of error:
 "THE TRIAL COURT ERRED IN REVERSING THE DECISION OF THE ROSS COUNTY COMMISSIONERS CONTRARY TO THE EVIDENCE PRESENTED AT TRIAL."
Our review of the record reveals the following facts pertinent to this appeal. On March 15, 1999, appellees filed a petition to vacate Treat Drive. On October 4, 1999, the Commissioners adopted a resolution that denied appellees' petition to vacate Treat Drive. The commissioners noted that the road provided access to a proposed subdivision and found "that the health, welfare and safety of the public would best be served by leaving Treat Drive open." Appellees subsequently appealed the Commissioners' decision to the common pleas court.
On September 19, 2000, the trial court held a hearing to take additional evidence. See R.C. 2506.03(A)(3).[1] At the hearing, several landowners who lived or who had previously lived in the Treat Drive area testified that the county had not used or maintained the property for at least twenty-one years. All of the landowners testified that appellees have used Treat Drive for their own personal use.
On November 29, 2000, the trial court reversed the Commissioners' and found, inter alia, as follows: (1) Treat Drive is located in the Eastfield subdivision; (2) the Eastfield subdivision was accepted by the Commissioners in 1966; (3) Treat Drive has never been used for public travel; (4) Treat Drive has never been maintained by Ross County; (5) appellees have used part of Treat Drive as a driveway; (6) Treat Drive has never been paved; (7) appellees placed gravel on the road to create a driveway and parking area for their home; (8) a deep ditch sits on one boundary of Treat Drive and renders that portion impassable to vehicular traffic; (9) Treat Drive leads to a cornfield; (10) only appellees have maintained Treat Drive; (11) appellees erected a doghouse on the property; (12) appellees have placed firewood and a picnic table on the roadway; (13) the county has never objected to appellees' use of the property; and (14) appellees have covered the road with dirt and have planted hedges and pine trees on the property.
The court thus concluded that: (1) Treat Drive has remained unopened for seven years; (2) Treat Drive has been abandoned and not used for twenty-one years; (3) the county has lost all rights to Treat Drive; and (4) the road should be vacated. The court found the Commissioners' decision unreasonable, illegal and unsupported by the preponderance of the substantial reliable and probative evidence. The Commissioners filed a timely notice of appeal.
In their sole assignment of error, the Commissioners argue that the trial court erred by reversing their decision to deny the petition to vacate. The Commissioners assert that the trial court's findings are contrary to the evidence presented at the hearing.
R.C. 2506.01 permits a party to appeal to the common pleas court a decision of the county commissioners. See In re Annexation of 118.7 Acresin Miami Twp. (1990), 52 Ohio St.3d 124, 556 N.E.2d 1140; Buck v.Washington Cty. Commrs. (Oct. 29, 1998), Washington App. No. 98 CA 14, unreported. R.C. 2506.04 governs the trial court's scope of review from an appeal of the commissioners' decision. The statute provides:
The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.
When reviewing the decision of an administrative body such as the county commissioners, "[t]he common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C.2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v. Youngstown Bd. of Zoning Appeals (2000),90 Ohio St.3d 142, 147, 735 N.E.2d 433, 438; see, also, Smith v.Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 612,693 N.E.2d 219, 223; Dudukovich v. Lorain Metro. Hous. Auth. (1979),58 Ohio St.2d 202, 206-207, 389 N.E.2d 1113, 1116-1117.
In contrast to the trial court's standard of review, the court of appeals standard of review "in an R.C. 2506.04 appeal is `more limited in scope.' Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34,465 N.E.2d 848, 852." Henley, 90 Ohio St.3d at 147,735 N.E.2d at 438.
 "`[R.C. 2506.04] grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.' [Kisil, supra] at fn. 4. `It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.' Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267."
Henley, 90 Ohio St.3d at 147, 735 N.E.2d at 438. Thus, an appellate court must affirm the trial court's decision, "unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Kisil, 12 Ohio St.3d at 34, 465 N.E.2d at 852; see, also,Smith, supra.
With the foregoing principles in mind, we consider whether a preponderance of reliable, probative and substantial evidence supports the trial court's decision to reverse the Commissioners' decision to deny the vacation of Treat Drive.
R.C. 5553.042 permits an abutting landowner to file with the board of county commissioners a petition to vacate a road. The statute provides:
 A township shall lose all rights in and to any public road, highway, street, or alley which has been abandoned and not used for a period of twenty-one years, after formal proceedings for vacation as provided in sections 5553.04 to 5553.11 of the Revised Code have been taken; and upon petition for vacation of such road, highway, street, or alley filed with the board of county commissioners by any abutting landowner, if the board finds that said public road, highway, street, or alley has been abandoned and not used for a period of twenty-one years as alleged in such petition, the board of county commissioners may, by resolution, order the road, highway, street, or alley vacated and such road, highway, street, or alley shall pass, in fee, to the abutting landowners thereof,* * * *.
In Bigler v. York Twp. (1993), 66 Ohio St.3d 98, 100, 609 N.E.2d 529,531, the court discussed the broad discretion R.C. 5553.042 affords the board of county commissioners. The court stated:
 "The discretionary language contained in R.C. 5553.042
reinforces the broad public-policy nature of the decision to vacate a township road. The statute provides that, upon determining that an abandonment has occurred, along with finding nonuse for a period of twenty-one years, the board of county commissioners `may' — and is not obligated to — order the road vacated. Thus, the statute gives the board of county commissioners the discretionary power to vacate the road, presumably, in order for the board to become sensitive to the interests, requests, and needs of the community."
R.C. 5553.04 further specifies that:
 When the board of county commissioners is of the opinion that it will be for the public convenience or welfare to locate, establish, alter, widen, straighten, vacate, or change the direction of a public road, it shall so declare by resolution, which resolution shall set forth the general route and termini of the road, or part thereof, to be located, established, or vacated, or the general manner in which such road is to be altered, widened, straightened, or the direction thereof changed.
 Whether vacation is "for the public convenience or welfare" "lies within the sound discretion of the county commissioners, and, unless the record is devoid of any support for such a determination, it should not be disturbed on appeal." In re Vacation of A Public Road v. Nichols (1985), 18 Ohio St.3d 397, 399, 482 N.E.2d 570, 572-73.
In Nichols, the court affirmed the decision to vacate a road when the record revealed that:
 "(1) the easterly reserved tract has never been used for a street, (2) there is no reason to believe that the tract will be used as a street at any time in the near future, and (3) vacation of the tract will not cause any landowner to be landlocked or to lose the primary means of access to his property. Because the public has a legitimate interest in the utilization of underdeveloped property — regardless of whether that utilization is by the public or by private individuals — the record provides ample grounds to support the commissioners' opinion that vacation of the easterly reserved tract would serve the public welfare."
Id., 18 Ohio St.3d at 399, 482 N.E.2d at 573.
In Buck, this court affirmed the decision to vacate a road when the evidence revealed, inter alia, that: (1) the road had not been used by the traveling public for over forty years; (2) a fence dissected the road; and (3) no evidence existed as to any present need or use for the road to remain open.
In the case at bar, we believe that a preponderance of substantial, reliable and probative evidence supports the trial court's decision. The trial court, after weighing all the evidence, determined that the Commissioners' decision to deny the petition to vacate was unsupported by the preponderance of the evidence. The trial court found that a preponderance of substantial, reliable and probative evidence revealed that the road had been abandoned and not used for at least twenty-one years. We agree with the trial court's conclusion. The evidence illustrates that since at least 1974, appellees have maintained and used the property for their own personal use with no objection from the county or other members of the community. See Nichols; Buck.
Although some evidence may have been presented at the Commissioners' hearing that the county had mowed the grass on occasion, we note that the trial court was not bound to accept the unsworn testimony as established fact. Rather, we agree with the trial court's conclusion that the overwhelming majority of the evidence presented during the trial court proceedings demonstrated that the county had abandoned the road and that neither the public nor the county had used the road for over twenty-one years. Moreover, as appellees point out, vacating Treat Drive did not cause any area landowner to be landlocked or to lose their primary access to their property.
Accordingly, based upon the foregoing reasons, we overrule appellants' sole assignment of error and affirm the trial court's judgment.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ Peter B. Abele, Presiding Judge
Kline, J. Evans, J.: Concur in Judgment Opinion.
[1] R.C. 2506.03(A)(3) permits a trial court to consider evidence in addition to the transcript from the administrative hearing, if the testimony adduced at the administrative hearing was not given under oath. The statute provides:
 (A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
* * * *
 (3) The testimony adduced was not given under oath; * * * *