[Cite as *Dennison v. Lake Cty. Commrs.*, 2014-Ohio-4294.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| TED A. DENNISON, et al., | : | **O P I N I O N** |
| Appellees, | : | |
| - vs - | : | **CASE NO. 2013-L-067** |
| LAKE COUNTY COMMISSIONERS, et al., | : | |
| Defendants, | : | |
| MADISON TOWNSHIP TRUSTEES, | | |
| Appellant. | | |

Appeal from the Lake County Court of Common Pleas, Case No. 12 CV 002814.

Judgment: Affirmed.

*Kenneth L. Piper,* 3503 Carpenter Road, Ashtabula, OH 44041 (For Appellees).

*Gary L. Pasqualone,* Curry and Pasqualone, 302 South Broadway, Geneva, OH 44041 (For Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, the Madison Township Trustees, appeal the judgment of the Lake County Court of Common Pleas in favor of appellees, Ted A. Dennison and Cindy A. Dennison, on their appeal of the trustees' vacation of South Linda Lane, a township road. At issue is whether the Dennisons were authorized by R.C. 5563.02 to appeal the vacation of this road. For the reasons that follow, we affirm.

{¶2} Appellees, Ted A. Dennison and Cindy A. Dennison, own a 40-acre parcel of real property located in Madison Township on South Linda Lane. Appellees bought the property in 2005. In 2012, the Dennisons advised the township of their intention to build a residence on South Linda Lane. In response, appellant, the Madison Township Trustees, passed a resolution vacating South Linda Lane and requesting that the Lake County Commissioners act on it. The trustees filed the resolution with the commissioners on August 24, 2012. The commissioners held a hearing on the resolution, but did not make a decision within 60 days from the trustees' filing of their resolution as required by statute, i.e., by October 23, 2012. The commissioners' inaction was deemed by statute to grant the trustees' resolution to vacate South Linda Lane, effective October 23, 2012.

{¶3} The Dennisons timely appealed the commissioners' decision to vacate South Linda Lane in the trial court pursuant to R.C. 5563.02. They also filed a motion to stay the road vacation while the instant appeal was pending, which the trial court granted.

{¶4} The trustees filed a motion to dismiss, arguing that the Ohio Revised Code does not allow a party to appeal the vacation of a road. After the motion was fully briefed, the trial court denied the trustees' motion to dismiss, finding that the Dennisons' appeal of the road vacation was authorized by R.C. 5563.02.

{¶5} The case was tried to a jury between June 3 and June 5, 2013. David Radachy, Director of the Lake County Planning Commission, testified that South Linda Lane was established as a township road by a plat map, which was recorded with the Lake County Recorder in 1957. He said that South Linda Lane is an existing right-of-way, which was dedicated by its former owners by said plat map for public purposes as

2

a road. The plat map for the subject parcel depicts 22 sublots, 18 of which abut South Linda Lane and four of which abut intersecting Dock Road. The plat map provides in part: "The Ashtabula Home Financing Co. * * *, as owners of the land shown on this plat, do hereby acknowledge the making and signing of the same to be our free act and deed and do hereby dedicate the streets shown hereon to public use forever." The plat was signed and approved by the Lake County Commissioners and the Madison Township Trustees.

{¶6} Jerry Klco, Madison Township Zoning Inspector, testified that in 2011, Mr. Dennison applied for a zoning permit for a barn to be built on South Linda Lane. Mr. Klco said that Mr. Dennison submitted a site plan for the barn, and Mr. Klco issued a permit for it. Mr. Klco said the Dennisons were also planning to build a 3,900 square foot single-family residence on South Linda Lane. In 2012, they applied for a zoning permit for the residence. Mr. Klco conducted a site inspection of the property. He reviewed and approved the Dennisons' site plan showing the residence was to be built on South Linda Lane. Mr. Dennison asked for a street address for his residence on South Linda Lane. Mr. Klco told him that South Linda Lane is only a "paper road," meaning the township does not maintain it, so he gave him a zoning permit using an address on intersecting Dock Road.

{¶7} Mr. Klco testified that if South Linda Lane was vacated, he could not issue zoning permits for the individual sublots on South Linda Lane because sublots five through 22 would have no access to any roads and sublots one through four would only have access to intersecting Dock Road.

{¶8} Larry Advey, Madison Township Administrator, testified he told the township trustees that Mr. Dennison intended to build a residence on South Linda Lane

3

and wanted a street number on South Linda Lane for his residence. Concerned that the township would be responsible for maintaining the road if the Dennisons built their home on South Linda Lane, Mr. Advey recommended to the trustees that the road be vacated. As a result of his recommendation, the trustees passed a resolution asking the Lake County Commissioners to vacate South Linda Lane.

{¶9} Bruce Landeg, Chief Deputy Engineer with the Lake County Engineer's Office, said that South Linda Lane is a 50-foot wide platted street and cul-de-sac with a gravel base. He said the County Engineer had approved the site plan for the Dennison's residence. He prepared a chart using a 1973 aerial photograph of South Linda Lane, which was presented to the Commissioners in connection with the township's resolution. Mr. Landeg said the chart shows that, as of 1973, South Linda Lane was being used. He thus said that South Linda Lane was a "travelled way."

{¶10} Robert Kosie, a land surveyor, testified that the Dennisons hired him to prepare a site plan for their new house to be built on South Linda Lane. He said the site plan was completed in September 2012. It shows: (1) the proposed dwelling on South Linda Lane, (2) the driveway that leads from the home to South Linda Lane, and (3) South Linda Lane as a dedicated road. He said the site plan was approved by the county planning and soil and water departments.

{¶11} Noma Stanze testified that she and her husband have lived on Dock Road, just south of where it intersects with South Linda Lane, since 1973. She said that when they moved to Dock Road in that year, South Linda Lane had already been established and the three fire hydrants on that road had already been installed. She said that she has seen cars using South Linda Lane.

4

**{¶12}** Ted Dennison testified that he and his wife have owned the subject property on South Linda Lane, which consists of 22 sublots, since 2005. He said the deed granting the property to him and his wife provides, "this deed conveys all of the twenty-two lots in said Linda Lane Plat No. 1 as recorded in [the] Lake County Records of plats * * *."

**{¶13}** Mr. Dennison testified that a high pressure transmission gas line, water line, and three fire hydrants have been installed on South Linda Lane. He said he has paid for the electric line to be brought down South Linda Lane to their proposed residence. He said it just has to be trenched and installed. He said that within the next few weeks, their surveyor, Mr. Kosie, will stake the house, dig the basement, and run the electricity to the house. Mr. Dennison said that the county soil and water department recently dug at least 600 feet of ditches along South Linda Lane.

**{¶14}** Mr. Dennison said he has obtained approval from the county for a septic system on the property, and the house site has been cleared for the septic system. He has also obtained county permits from the soil and water department, the health department, the building department, and the plumbing department for the house.

**{¶15}** Mr. Dennison said that South Linda Lane is not a "paper road," as Mr. Klco referred to it. Mr. Dennison said that a paper road is one that has been designed, but never improved. He said the road base consisting of eight to 12 inches of gravel was installed over South Linda Lane many years ago. This is what the township originally used for all of its roads. The road has been there for many years. He said that, although he has added asphalt grindings to the road surface so trucks could more easily deliver construction materials, South Linda Lane was already passable and he had driven on it. Mr. Dennison said that if he decided to put in a development using the

sublots shown on the plat, the road as it currently exists and as shown on the recorded plat, would support the development.

{¶16} Mr. Dennison said the first time he heard about the trustees deciding to vacate the road was when he went to pick up the zoning permit for the house in August 2012. He said Mr. Advey, the township's administrator, told him he wanted to vacate the road. Mr. Dennison asked him why, and Mr. Advey said because the township was not going to maintain it.

{¶17} Mr. Dennison said that when he and his wife bought the property, they intended to sell the sublots to defray some of their expense. He said he intends to build a house for his daughter and another house for one of his grandchildren on the property. He said he wants the road to remain so that if his children or grandchildren decide to put in a development in the future, they will be able to do so.

{¶18} Mr. Dennison said that if South Linda Lane was vacated, 18 of the sublots on the property would be landlocked. He said that only four of the sublots would have access on Dock Road, but those would be so narrow, no one would want them. He said that if South Linda Lane was vacated, it would not be convenient to the residence they intend to build on South Linda Lane. He would end up with only one-half of the road. It would be difficult to get a fire truck or ambulance to the house. He said that South Linda Lane provides the only access to their proposed house. Thus, if South Linda Lane was vacated, the residence would be landlocked.

{¶19} Following the presentation of the evidence, the jury returned a verdict in favor of the Dennisons, finding "the vacation of South Linda Lane WILL NOT be conducive to the public convenience and welfare," and answering each of the following interrogatories in the affirmative:

6

{¶20} "(A) Has South Linda Lane ever been used as a road?

{¶21} "Yes.

{¶22} "(B) Is there a reason to believe that South Linda Lane will be used as a road in the near future?

{¶23} "Yes.

{¶24} "(C) Will vacation of South Linda Lane cause the Dennisons to be landlocked or lock the primary means of access to their property?

{¶25} "Yes.

{¶26} "(D) Does any evidence exist as to any present need or use for the road to remain open?

{¶27} "Yes."

{¶28} Based on the jury's verdict and answers to the interrogatories, the trial court entered judgment in favor of the Dennisons, finding that "the vacation of South Linda Lane will not be conducive to the public convenience and welfare."

{¶29} The trustees appeal the judgment, asserting three assignments of error. For their first assigned error, they allege:

{¶30} "The Trial Court erred by not granting Appellant's Motion to Dismiss."

{¶31} The trustees concede on appeal that the Dennisons appealed the commissioners' decision to vacate South Linda Lane pursuant to R.C. 5563.02. However, the trustees argue the commissioners' action was legislative in nature and thus not subject to appeal pursuant to this statute. We do not agree.

{¶32} This court reviews a trial court's interpretation and application of a statute under a de novo standard of appellate review. *Stalloy Metals, Inc. v. Kennametal, Inc.*, 11th Dist. Geauga No. 2012-G-3045, 2012-Ohio-5597, ¶37.

7

{¶33} R.C. 5563.02 provides in pertinent part:

{¶34} Any person * * * interested therein, may appeal from the final order or judgment of the board of county commissioners, made in any road improvement proceeding * * *, determining any of the following matters:

{¶35} (A) The order establishing the proposed improvement;

{¶36} (B) The order * * * refusing to grant the * * * proposed improvement.

{¶37} R.C. 5553.01 defines the "improvement" of a road as "any location, establishment, alteration, widening, straightening, *vacation*, or change in the direction of a public road * * *, as determined upon by a board of county commissioners * * *." (Emphasis added.)

{¶38} In the landmark case of *Commissioners v. Gibson*, 110 Ohio St. 290 (1924), the Supreme Court of Ohio held that the word "improvement" used in G.C. 6891, the statutory predecessor to R.C. 5563.02, includes "vacation." *Id*. at 293-294.

{¶39} The Fifth District in *In re Denial of the Vacation of Liberty Township Road*, 5th Dist. Guernsey No. CA-595, 1980 Ohio App. LEXIS 11959 (January 30, 1980), stated:

{¶40} The case of *Gibson*, [*supra*], instructs that the vacation of a county road constitutes an "improvement" and an appeal lies from the final order of the county commissioners vacating any such road or part thereof. From that decision, we extrapolate the proposition that the decision to deny a petition to vacate a *township* road is, likewise, an "improvement" and is the proper subject for appeal pursuant to the

8

provisions of R.C. 5563.02.  (Emphasis added.)  *Liberty Township Road*, *supra*, at \*4.

**{¶41}** This court has stated, "the procedure set forth in R.C. Chapter 5563 is the only procedure applicable to appeals in *road vacation proceedings*."  (Emphasis added.) *In re Appeal of Peterson*, 11th Dist. Geauga No. 2003-G-2508, 2004-Ohio-2308, ¶7, citing *State ex rel. Lindenschmidt v. Bd. of Commrs. of Butler Cty.*, 72 Ohio St.3d 464, 468 (1995).

**{¶42}** Thus, the commissioners' decision to grant or deny a township's request to vacate a township road is subject to appeal pursuant to R.C. 5563.02.

**{¶43}** Further, R.C. 5553.045(D), regarding the vacation of township roads, provides:  "If the board of county commissioners fails to vote on the issue of vacating the road within sixty days after the township's resolution is filed with it, *the road * * * specified in the resolution shall be deemed to be vacated * * *.*"  (Emphasis added.)

**{¶44}** Distilled to their essence, the foregoing authority provides that a property owner is entitled to appeal the commissioners' decision in any road improvement proceeding granting the proposed improvement.  R.C. 5563.02.  Further, the vacation of a township road constitutes a road improvement and is the proper subject of an appeal under R.C. 5563.02.  *Gibson*, *supra*; *Liberty Township Road*, *supra*.  Finally, if the commissioners do not vote on the trustees' resolution to vacate a road within 60 days of its filing with the commissioners, the road is deemed to be vacated.  R.C. 5553.045(D).

**{¶45}** Applying these principles to this matter, the trustees' resolution to vacate South Linda Lane constituted a road improvement proceeding.  By not voting on the petition within 60 days of its filing with the commissioners, South Linda Lane was

deemed to be vacated. Thus, the Dennisons were authorized by R.C. 5563.02 to appeal the commissioners' vacation of the road to the trial court.

{¶46} The trustees argue that, because the commissioners did not actually vote on the issue, they did not enter a final order establishing or refusing the proposed improvement, either of which is required for a party to appeal the commissioners' action under R.C. 5563.02. Thus, they argue the Dennisons were not entitled to appeal the commissioners' vacation pursuant to R.C. 5563.02. However, since the commissioners' inaction is deemed to establish the vacation of the road, the condition for an appeal under R.C. 5563.02 has been satisfied. The trustees have failed to cite any pertinent authority to the contrary as required by App.R. 16(A)(7). Moreover, if a party could not appeal the vacation simply because the commissioners failed to vote on the issue, R.C. 5563.02 would be thwarted because the commissioners could effectively grant the vacation and prevent the injured party from appealing simply by not voting on the issue.

{¶47} Appellant's reliance on *Ohio Multi-Use Trails Ass'n v. Vinton County Commissioners*, 182 Ohio App.3d 32 (4th Dist.2009) and *Eastland Woods v. Tallmadge*, 2 Ohio St.3d 185 (1983) is misplaced as neither case addressed the application of R.C. 5563.02. In *Multi-Use Trails*, the court held that R.C. 5553.045 does not provide for an administrative appeal pursuant to R.C. Chapter 2506. *Id.* at ¶13. In *Eastland Woods*, the Supreme Court held that one whose property does not abut a vacated street cannot sue a city for an injunction to enjoin the vacation of a street or for damages for its closing. *Id.* at 187. These cases are thus inapposite.

{¶48} We therefore hold the trial court did not err in finding that the Dennisons properly appealed this matter pursuant to R.C. 5563.02 and in denying the trustees' motion to dismiss.

10

**{¶49}** The trustees' first assignment of error is overruled.

**{¶50}** For their second assignment of error, the trustees contend:

**{¶51}** "The Trial Court erred in not granting a directed verdict pursuant to Ohio Civ. Rule 50(A)(4).

**{¶52}** Civ.R. 50(A)(4) provides that a trial court may not grant a directed verdict unless the evidence, when construed in the light most favorable to the nonmoving party, leads reasonable minds to only one conclusion, and that conclusion is adverse to the nonmovant. Civ.R. 50(A)(4) requires the trial court to give the nonmoving party the benefit of all reasonable inferences that may be drawn from the evidence. *Broz v. Winland*, 68 Ohio St.3d 521, 526 (1994). "This standard corresponds to the standard established for summary judgment in Civ.R. 56, that 'reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor.'" *Parrish v. Jones*, 138 Ohio St.3d 23, 2013-Ohio-5224, ¶16. "A motion for a directed verdict assesses the sufficiency of the evidence, not the weight of the evidence or the credibility of the witnesses." *Jarvis v. Stone*, 9th Dist. Summit No. 23904, 2008-Ohio-3313, ¶7. *See* Civ.R. 50(A). Further, "[a] motion for directed verdict presents a question of law that an appellate court reviews de novo." *Celmer v. Rodgers*, 11th Dist. Trumbull No. 2004-T-0074, 2005-Ohio-7054, ¶27.

**{¶53}** R.C. 5563.10 provides that, if an order of the commissioners establishing a road improvement is appealed, at the conclusion of a trial under R.C. 5563.05, the jury shall determine in its verdict whether the road improvement will be conducive to the public convenience and welfare. In order to determine the reasons for the jury's verdict,

11

the trial court submitted four interrogatories to them reflecting the factors set forth by the Supreme Court of Ohio in *Ruff v. Nichols*, 18 Ohio St.3d 397, 399 (1985).

**{¶54}** The trustees argue the trial court erred in not directing a verdict in their favor because, they contend, "overwhelming evidence" was presented that South Linda Lane has never been used as a road, contrary to the jury's finding under the first interrogatory. The trustees simply ignore the countervailing evidence on this issue.

**{¶55}** The record shows the Dennisons presented direct and circumstantial evidence that South Linda Lane has been used as a road. First, Mr. Radachy of the Planning Commission testified that South Linda Lane is "an existing right-of-way," which its prior owners dedicated for public purposes as a road in 1957, and that the county and township approved this dedication. Second, Mr. Dennison testified that water and gas lines and three fire hydrants have been installed on South Linda Lane. Third, Mr. Dennison said the county storm water management department recently dug 600 feet of ditches along South Linda Lane. Fourth, Bruce Landeg of the Lake County Engineer's Office identified a 1973 aerial photograph, which, he said, showed South Linda Lane being used, leading him to conclude that, as of 1973, South Linda Lane was a "traveled way." Fifth, Mr. Klco, the township zoning inspector, testified that he issued a zoning permit to Mr. Dennison to build a barn on South Linda Lane. He also said he approved Mr. Dennison's site plan for the Dennisons' proposed residence *on South Linda Lane*. Sixth, Mr. Klco said that if South Linda Lane was vacated, he could not issue zoning permits to the 22 sublots on the Dennisons' property because sublots five through 22 would be landlocked and sublots one through four would only have access on Dock Road. Seventh, Noma Stanze testified she has seen cars using South Linda Lane.

12

Eighth, Mr. Dennison testified that he has driven on South Linda Lane and that it is drivable.

**{¶56}** The trustees also argue that, because there is no evidence the township has maintained South Linda Lane and the state has not reimbursed the township for any maintenance on that road, the trustees were entitled to a directed verdict. However, the trustees present no authority in support of either argument. Thus, these additional arguments lack merit pursuant to App.R. 16(A)(7).

**{¶57}** Based on our review of the record, the Dennisons presented evidence that South Linda Lane has been used as a road and that the vacation of that road would not be conducive to the public convenience and welfare. We therefore hold the trial court did not err in denying the trustees' motion for a directed verdict.

**{¶58}** The trustees' second assignment of error is overruled.

**{¶59}** For their third and final assignment of error, the trustees allege:

**{¶60}** "The Trial Court erred by not giving the jury Court's Exhibit 2."

**{¶61}** The trustees argue the trial court erred in not giving the record before the commissioners to the jury to consider in arriving at its verdict. The only evidence in the commissioners' record about which the trustees complain is a report prepared by Bruce Landeg of the County Engineer's Office recommending that the commissioners approve the vacation. The trustees argue that if the jury would have been permitted to review this report, the verdict would have been different.

**{¶62}** While R.C. 5563.03 requires the record of the commissioners' hearing be transmitted to the trial court, this statute does not require the record be given to the jury. Moreover, the trustees do not cite any authority for their argument that the trial court's

13

decision not to give the record to the jury was reversible error. For this reason alone, their argument lacks merit. App.R. 16(A)(7).

{¶63} Further, it must be noted that the appeal provided for in road improvement cases under R.C. 5563.02 is completely different from an administrative appeal from decisions of administrative agencies pursuant to R.C. Chapter 2506. The appeal in a road improvement case provides for a de novo trial in the probate court or common pleas court to a jury. R.C. 5563.09. Further, the rules of law and procedure governing civil cases apply in such appeals. *Id.* In contrast, an administrative appeal generally involves only a review by the court, not a jury, of the agency's record to determine if the agency's decision was supported by substantial, reliable, and probative evidence. R.C. 2506.04. Thus, unlike the typical administrative appeal, in an appeal of a road vacation case, the trial court has discretion in ruling on the admission of evidence. The trustees concede the trial court excluded the commissioners' record to avoid jury confusion. The court also apparently sought to avoid duplication of evidence because the evidence presented to the commissioners was basically the same as that presented at trial. The trial court thus acted within its discretion in not allowing the record before the commissioners to go to the jury.

{¶64} In any event, the trustees argued in the trial court that the commissioners' record *as a whole* should be given to the jury. They did *not* argue that Mr. Landeg's report should have been given to the jury. Thus, the trustees did not give the trial court an opportunity to consider the propriety of giving Mr. Landeg's report to the jury. As a result, the trustees waived any error in this regard. *State v. Awan*, 22 Ohio St.3d 120, 122 (1986).

14

{¶65} Further, Mr. Landeg testified at trial and the trustees had an opportunity to fully cross-examine him. Yet, they did not ask him even one question concerning his report or the recommendation in his report. Instead, they cross-examined him concerning the fact that South Linda Lane is not a paved surface and not constructed to county standards. The trustees obviously relied on Mr. Landeg's testimony about the alleged deficiencies in South Linda Lane as a road, rather than the recommendation in his report. We also note that the Dennisons presented ample, credible evidence in support of the jury's verdict. Thus, the trustees have not demonstrated prejudice resulting from the report not being given to the jury.

{¶66} The trustees' third assignment of error lacks merit.

{¶67} For the reasons stated in this opinion, the assignments of error lack merit and are overruled. It is the order and judgment of this court that the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.